Lordrick **OKEKE**, Plaintiff–Appellant,

v.

John **ROSE**, et al., Defendants–Appellees.

No. 02–3215.

United States Court of Appeals, Sixth Circuit.

July 15, 2003.

BEFORE: KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

## OPINION

PER CURIAM.

Plaintiff–Appellant Lordrick Okeke appeals the grant of summary judgment to Defendant–Appellees Toledo police officers John Rose, Sally Donovan, Daniel Wagner, ten other named officers, the Chief of Police, and the City of Toledo, Ohio (the "City") (collectively "Defendants").

On June 9, 1999, two Toledo police officers were called to a home to investigate a reportedly drunken individual causing a disturbance. Earlier in the day, Okeke, a citizen of the United States and a native of

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

Nigeria, had arrived at the Igwebuike residence acting very strangely. Okeke was a close friend of Kathleen Igwebuike and was often at her home. Okeke had a history of mental illness and had received treatment in Nigeria. Upon arriving at the home, the officers encountered Kathleen's son, Eboh, sitting outside the front of the home. While the officers were speaking with Eboh, Okeke exited the home and began yelling and screaming at the officers. He then returned to the porch and threw a Bible at the officers, while also yelling bizarre statements. Okeke went back inside the house and began making strange gestures at the officers as he stood behind the storm door. Both officers assumed that Okeke's peculiar behavior was consistent with the report they had received from the police dispatcher that there was an intoxicated individual at the residence. When the officers attempted to speak with Okeke, he responded with an offensive, sexual remark directed at Officer Donovan. At that point, the officers decided to arrest Okeke for disorderly conduct.

Okeke violently resisted arrest and could not be subdued even though Donovan sprayed him with mace. During Donovan and Rose's attempts to handcuff him, Okeke bit Rose's finger, causing a severe injury. Eventually, at least six other officers were called to the scene to assist in subduing Okeke in order to place him under arrest. During the struggle, Okeke was struck with a baton and kicked several times by Officer Wagner and Okeke suffered a broken arm. Okeke has no memory of the events of June 9 and it was later determined that Okeke was not intoxicated, but rather was suffering from a severe psychotic disorder at the time of his arrest. Okeke filed a seven-count complaint against Defendants alleging that the Defendants had assaulted and battered him during his arrest; that the officers used excessive force against him while he was suffering from a psychiatric emergency; that he was unlawfully arrested in violation of the Fourth Amendment; that the City and the Chief of Police failed to train and supervise officers to respond properly to individuals suffering from a psychiatric emergency: and that the City and the Chief maintained policies and procedures exhibiting deliberate indifference to the constitutional rights of individuals in Toledo.

The United States District Court of the Northern District of Ohio granted the Defendants summary judgment on Okeke's claims for use of excessive force and unlawful arrest in violation of the Fourth Amendment under 42 U.S.C. § 1983 (1994). The district court held that Okeke had failed to state a valid claim of excessive force under the Fourth Amendment because the actions of the officers who arrested Okeke were reasonable under the circumstances. The district court found that Okeke's assault and battery claims under state law against the Defendants were without merit because Okeke was unable to make a valid excessive force claim under the Fourth Amendment. The district court also found that the officers had probable cause to arrest Okeke for disorderly conduct, and therefore Okeke was unable to state a claim of unlawful seizure. Finally, the district court found that the Okeke was unable to sustain a claim for municipal liability against the City and the police chief for failure to train, failure to supervise, and maintaining policies and procedures that resulted in the use of excessive force and an unlawful seizure, because Okeke was unable to establish any constitutional violation by the individual police officers.

After careful review of the record, all applicable law, and the briefs of the parties, we conclude that the district court's Memorandum Opinion should be affirmed.

As the decision is supported by the evidence and properly states the relevant principles of law and properly applies them to the facts of this case, no useful purpose would be served by issuing a full opinion. Accordingly, we AFFIRM on the basis of the district court's well-reasoned Memorandum Opinion.